UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:11-cr-215-RCV-GRJ

SHAWN PETER SPRINGER

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, Shawn Peter Springer, and the attorney for the defendant, James H. Burke, Jr., Assistant Federal Public Defender, mutually agree as follows:

A. **Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Three of the Indictment. Counts One and Three charge the defendant with mailing threatening communications, in violation of 18 U.S.C. § 876(c).

Defendant's Initials _____   AF Approval _____

2. Maximum Penalties

Count One carries a maximum sentence of 5 years imprisonment, a fine of $250,000, or both, a term of supervised release of not more than 3 years, and a special assessment of $100, said special assessment to be due on the date of sentencing. Count Three carries a maximum sentence of 10 years imprisonment, a fine of $250,000, or both, a term of supervised release of not more than 3 years, and a special assessment of $100, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That the defendant knowingly deposited or caused to be deposited in the mail, for delivery by the United States Postal Service, a true threat to injure S.W., as charged in the Indictment; and

Second: That the defendant did so knowingly and willfully.

Defendant's Initials _____ 2

The elements of Count Three are:

    <u>First</u>: That the defendant knowingly deposited or caused to be deposited in the mail, for delivery by the United States Postal Service, a true threat to injure S.L., as charged in the Indictment;

    <u>Second</u>: That the defendant did so knowingly and willfully; and

    <u>Third</u>: That at the time the defendant sent the communication, S.L. was an employee of the United State whom was engaged in the performance of her official duties.

4. <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts Two, Four and Five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct giving rise to the charges set forth in these counts may be considered relevant conduct by the Probation Office and the Court in determining the defendant's sentence under the Sentencing Guidelines and under 18 U.S.C. § 3553.

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _[initials]_  3

6. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _[initials]_    4

B.  **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _Officer Lenoid_   5

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

Defendant's Initials _[initials]_ 6

4. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Defendant's Waiver of Right to Appeal and
   Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground,

Defendant's Initials _____ 7

including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials *Officer Lenard* 8

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any),

Defendant's Initials _[initials]_  9

defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _officer lenord_ 10

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of April, 2012.

On Suicide Watch

~~[scribbled out signature]~~
Cant sighn due to him Not Being
Stable officer lemon
Officer lenord
_____
SHAWN PETER SPRINGER
Defendant

ROBERT E. O'NEILL
United States Attorney

By: _Kevin C. Frein_
KEVIN C. FREIN
Assistant United States Attorney

_James H. Burke, Jr._
JAMES H. BURKE, JR.
Attorney for Defendant

_____
MAC D. HEAVENER
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _Officer lenord_    11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:11-cr-215-RCV-GRJ

SHAWN PETER SPRINGER

## FACTUAL BASIS

In May 2008 Shawn Peter Springer ("defendant") received a sentence of thirty years in Florida State Prison for his convictions for burglary and dealing in stolen property. The charges arose out of the burglary, theft, and subsequent pawning of items stolen from S.W.'s residence. In 2010 the defendant filed a *pro se* Petition for Habeas Corpus in the United States District Court, Middle District of Florida, Jacksonville Division. He claimed among other things, ineffective assistance of counsel in his state case. An "Order of Dismissal Without Prejudice" was entered due to the defendant's failure to submit two copies of the Petition for Habeas Corpus and his failure to submit the $5.00 filing fee or complete an affidavit of indigency. Based on this order, the Clerk of the Court for the United States District Court, Middle District of Florida issued a "Judgment in a Civil Case" dismissing the case without prejudice. The "Judgment in a Civil Case" displayed S.L.'s name in the lower, right hand corner.

Defendant's Initials _[signature]_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:11-cr-215-RCV-GRJ

SHAWN PETER SPRINGER

---

## PERSONALIZATION OF ELEMENTS

**COUNT 1**

1. On or about March 16, 2011, at Santa Rosa County, in the Northern District of Florida, at Duval County, in the Middle District of Florida, and elsewhere, did you knowingly deposit or cause to be deposited in the mail, for delivery by the United States Postal Service, a communication addressed to S.W. containing a true threat to injure S.W., as charged in the Indictment?

2. Did you send this communication knowingly and willfully?

**COUNT 3**

1. On or about April 11, 2011, at Santa Rosa County, in the Northern District of Florida, at Duval County, in the Middle District of Florida, and elsewhere, did you knowingly deposit or cause to be deposited in the mail, for delivery by the United States Postal Service, a communication addressed to S.L. containing a true threat to injure S.L., as charged in the Indictment?

2. Did you send this communication knowingly and willfully?

Defendant's Initials _[signature]_  12

3. Do you acknowledge that at the time you sent this communication S.L. was an employee of the United States whom was engaged in the performance of her official duties as Clerk of Court for the United States District Court, Middle District of Florida?

officer lenord
Defendant's Initials _____          13

The defendant mailed two additional envelopes containing letters from the Santa Rosa County Correctional Institute to S.L. at the federal courthouse in Jacksonville. These two additional letters also threatened the life of S.L..

Follow up investigation by law enforcement determined that the defendant also mailed two threatening letters to S.W. On or about March 16, 2011, the defendant deposited into the inmate mail system at the Florida State Prison - Santa Rosa County Correctional Institute an envelope containing a threatening letter for delivery by the United States Postal Service. The envelope was addressed to S.W. and mailed to S.W.'s home address in Duval County, Florida. The envelope was postmarked March 16, 2011. The return address on the envelop was Shawn Springer #D15655, Santa Rosa Correctional Institution, 5850 East Milton Rd., Milton, Florida 32583. The letter inside the envelope was addressed to S.W. It stated among other things:

- "If you DO NOT DO whats said in this letter you will be just like your Dead Dogs, Your House will Be Set on fire and you will be in it."
- "We know where you work We know where you live Don't let this to Cause you to loose your life." "I repeat this is NOT a Joke."

The second letter sent by the defendant was also mailed to S.W.'s home address. This letter also threatened the life of S.W..

During the course of the investigation law enforcement recovered numerous other letters sent by the defendant to other individuals concerning

Defendant's Initials _[signature]_ 3

S.W.. The letters discussed one of two topics: 1) telling individuals that S.W. was going to be harmed or 2) soliciting the assistance of other individuals to harm S.W..

On April 15, 2011, law enforcement went to Santa Rosa County Correctional Institute and spoke to the defendant. Prior to any questioning law enforcement advised the defendant of his constitutional right. After being advised of his constitutional rights, the defendant waived those rights both verbally and in writing and spoke with law enforcement. The defendant stated in substance and among other things that the United States Clerk's Office and S.L. were complicit with S.W. in a scheme to deny him a hearing in federal court. He became very angry when his Petition for Habeas Corpus was dismissed. In March 2011 he began writing and mailing threatening letters to S.W. and S.L. and wrote letters to several other individuals about harming S.W.. He stated that he should have never written the letters to S.W. and S.L., but instead he should have just carried out his plan without warning them. Law enforcement provided the defendant with copies of approximately twelve letters recovered in the investigation to include the two letters that threatened the life of S.W. and two out of the three letters that threatened the life of S.L. The defendant reviewed each one and admitted that he personally wrote each of the letters while incarcerated.

Defendant's Initials _____  4